Good morning. My name is Larry Bombach. I represent David Shoemaker, the appellate in this case. This is a appeal from a 12b motion to dismiss that was granted by the district court. I would point out that in the court's decision located at page – excerpts of record page 90, there appears a footnote that is of some concern to us in which the court says, the ordinance does not change plaintiff's status as an at-will employee. And based on the facts in this case, plaintiff is now trying to take advantage of his own error in proposing an extension to his term of office that was not authorized by the county code that created his own office. It seemed to me to be a decision of fact on the merits of this case and troublesome to the issue of a 12b motion. In opening its argument against the appeal, the County of Glenn states, the employment contract between Shoemaker and the County of Glenn was by its express intended to be at will, even though it was for a specific term. By using the word intended, I believe the county injects an issue of dispute. Proof of that dispute is in the letter sent to me. And look at the contract. It uses the term at will. That may be. I understand that. So I may not care about intent in the contracts for the court to look at and decide whether within the four corners it's clear. Is there an argument here that it's ambiguous? I appreciate the term four corners because I believe that the contract, if you read the four corners, it is ambiguous in terms of an at-will interpretation. For instance, when the county sent its letter of intent to dismiss Mr. Shoemaker on August 18, 2009, which is at excerpts of record page 49, in that letter there's no mention whatsoever of an at-will status. The county didn't believe it was at will. Mr. Shoemaker didn't believe it was at will. Well, I don't know that that letter reflects inclusion or supports the proposition that it's not at will. It just reflects the county's decision that it was terminating your client at a point in time that's consistent with what the duration limit was in the ordinance. I mean, I'm looking at the contract, and I have difficulty understanding why the provision in Section 2B doesn't make it an at-will agreement. Well, the county refers to a renewal of your contract. Mr. Shoemaker performed the first stage of his contract, which was a three-year period, with no question about whether it was at will or whether it wasn't. He completed that. I don't need to question it. I mean, if employment continues, that doesn't mean it's not at will. There's no will to terminate. But if there's a will to terminate, what in the contract prohibits the county from doing so? I mean, the contract says, Nothing in this agreement shall prevent, limit, or otherwise interfere with the right of the Board of Supervisors to terminate the services of David J. Shoemaker at any time subject only to the provisions set forth in Section 3 of the agreement. Section 3 starts out, The county administrative officer serves at the will of the Board of Supervisors and gives a notice requirement, a longer notice if it's not for cause. What else is there to look at? The rest of the contract. Which gave your client the right to resign. The termination of contract with cause is Section 3A1 of the contract. Sure. That discusses with cause. And then in ---- And then there's 2, without cause. Without cause, it says, If the Board of Supervisors determines at any time not to renew or continue. Or continue. Or continue. And I don't know ---- If it's only the power to renew or not renew, it means the phrase or continue is surpluses. It has no meaning. Well, I don't know what the meaning of continue is. It means it's at will. They can choose to continue or not continue in the same way they can choose to renew or not to renew. Well, the problem is I see it whenever you have a at will contract and you look at the Labor Code Section 2922, you come up with a statement that says the ---- and let me make sure I'm specific on the language. An employment having no specified term. You can really stop reading there because this case, this contract had a specified term. That term was designated in the contract and relied upon ---- A contract that says it's at will. I understand that ---- I mean, your case depends upon us reading the term as trumping at will. Do I understand correctly what your argument is? My case depends on whether or not Labor Code Section 2922, which excludes a specified term contract, trumps Labor Code 2924, which says that if you have a specified term contract, you have to find cause for termination. That raises a whole other issue as to whether the Labor Code trumps the contract in the face of California case law that says the Labor Code is intended to provide terms which are omitted and does not inhibit the parties from striking their deal. I'm not sure why the Labor Code applies at all. I understand that concept. I would respond to that by saying that the proposal that I or the understanding I have of the facts of this case is that this case has not been developed and it needs to be developed and a motion to dismiss ---- Why? I got a contract that says it's at will. If I interpret that contract to give the supervisors the authority to terminate your client upon 120 days' notice, whatever it is, what facts need to be developed? The understanding of the parties, the intent of the contract. Now you're trying to ---- Well, I've got the contract. I can interpret the contract. It doesn't seem ambiguous. Why do I go any further than that? Because of the Labor Code that tells us that we ---- No, no, no. I've already told you the Labor Code doesn't trump the contract and you haven't offered anything in response to that. The understanding that my client had, based upon his experience with the county, putting in three years in the first contract, then having renewed the contract, told him he had a contract for a term certain. Well, I take it he had the contract which is in front of us as the exhibit, the one that he signed. And so whatever it says, it says presumably what he's agreed to. Well, and the contract also says that there will be no reduction in benefits. That's Section 10, which says, the Board of Supervisors shall not at any time during the term of this agreement reduce the salary, compensation, or other financial benefits of David Shoemaker except with the concurrence of David Shoemaker. That is troublesome to an interpretation that the contract is at will. Why doesn't the Gus v. Bechtel National Incorporated guide us here? Well, I think it gives us some guidance. And what ---- I don't understand what ---- Well, because in that case it appears the California Supreme Court made clear that Section 2922's presumption that employment for an unspecified term is presumed terminable at will prevails where the employer and employee have reached no other understanding and that it does not overcome the fundamental freedom of contract to depart from that will of employment. I guess what reason is there for us to think that the freedom to contract does not similarly overcome Section 2924's presumption that employment for a specified term is only terminable for cause? I understand your question to be that 2922 should prevail under these circumstances. Am I correct? It seems like that's ---- we can look at that, and that seems to guide us here. Well, and that's the dispute I'm trying to raise, is that there seems to be a great deal of tension between those two as they apply to this case and the facts of the case should be developed to determine whether or not that is true. Otherwise ---- Don't you think one way to read Guz in the other cases is that I think Judge Clifton intimated this, that the California Labor Code provisions could be considered in a sense the default provisions that apply unless the parties agree to something else, in which case, you know, they override the default Labor Code provisions. Simple as that? Well, to answer your question, I don't think that it's a default interpretation as much as it is a guideline for us in looking at contracts to determine what was intended in the contract. And that tells us that if there's a term certain, we have to look at whether or not the parties really intended there to be a term certain. I see my time is up. I owe the Court 36 seconds. But we helped get you there, so we'll still give you a minute for rebuttal. All right. Thank you. And we'll hear from counsel for the county. Good morning, Honorable Justices. My name is Leonard G. Krupp, and I represent the County of Glenn in this matter. The county believes that this case involves the fundamental freedom to contract. And a little background. In the incident matter, the County of Glenn entered into an integrated express contract with Mr. Schumacher to be the first county administrative officer of the county for a limited term. The county created the position by means of ordinance a few months before entering in this contract. Now, is the ordinance? So in that sense, is the ordinance a part of the contract? The ordinance indicates that any contract is supposed to incorporate by reference the ordinance. In this particular case, for whatever reason, the contract does not state that. However, the ordinance does have that requirement that was failed to be followed through on. The ordinance, the specific section at the record, page 38, does state that after the initial term, quote, the regular term of office of the county administrative officer shall be three years, commencing on January 1st of the year 2007, ending at 12 o'clock a.m. every third year thereafter, end, quote, therefore expressly in the ordinance that would place the first extended term to end by January 1st, 2010, not 11. Next, the contract expressly identifies the position at will. The contract states the right to terminate at any time by either party. Therefore, it's mutual with certain notice. I'm curious, if this was an at-will contract, why did your client initially justify its decision to terminate Mr. Shoemaker on the ordinance, on Ordinance No. 1172? I believe that what happened was the county utilized another attorney called the Deputy County Counsel, which is not exactly a full-time position, to investigate the issue, issuing an opinion that the ordinance would trump a contract. I believe in that opinion, it came to the conclusion, without stating it, I believe it involved a mutual mistake and therefore made voidable and or subject to rescission. This county, therefore, acted to rescind based upon that opinion and did act in Amendment No. 2, which is at the record, page 47. Mr. Shoemaker declined to sign that amendment. What that amendment did was change the term back again to coincide with the county ordinance to make the termination date January 1st of 2010. The notice I view, the notice at Record 49, in itself, by citing the specific section for non-renewal or termination without cost during the term with a specific termination date of January 1st, 2010, clearly notified Mr. Shoemaker that this was a termination date. And I realized the appellant is arguing whether this was just a notice of non-renewal or not, and therefore the question whether or not when the end of the term actually was. But they say sticking with the ordinance, and as you say, the ordinance specifies that this office shall be for a three-year term. In light of the ordinance as being so specific about it, doesn't that require the office to read the agreement as complying with the ordinance and providing for a non-terminable three-year term except for cost? In other words, how can the agreement be different from the ordinance in terms of whether it's for a term or not? The ordinance doesn't seem to, you know, have room for an at-will agreement, is what I'm getting at. Does it? I don't believe it does specifically except saying appointment. I believe it has the provisions in there serving at the will. I would have to go back and take a look whether it was at the pleasure of the board. The appointment is made by the board, and these positions are appointments at the pleasure of the board. But it's very specific about, you know, it shall be for a three-year term. Yes. Well, if this is an at-will contract, why does it include a fixed term at all? Why does it include a fixed term if this is an at-will contract? The freedom to contract and the county determined that they wanted a term. They negotiated with Mr. Schumacher and entered into this contract that did provide for a term. It still can be at will because based upon the express agreement between the parties stating it was at will, and the actions of the parties were indicating at will. I'm not sure you've answered my question, though. Why? Why did it include a fixed term if it was at will? Wouldn't it have been just cleaner not to have one? I can't answer for the county council at the time as to why that was done that way. I think all I can do is speculate that that's what the county wanted at the time. They wanted a fixed term. This was the first CAO, a matter of fact, only. And, therefore, first CAO in this county is history. And they were so used to handling things on their own without a CAO that they wanted to make sure they had an out. Now, I realize if it's at will, they could terminate any time anyway, but they just didn't do that. I would have recommended exactly what Your Honor is saying, not have a term, make it specifically at will, completely in compliance with the theory of at will. However, they didn't do that, and that's the facts we've got. Well, you think the fact that they didn't, and under the facts we got, as I think your opponent suggested, that, you know, the contract is ambiguous enough that it needs some factual development as to the, you know, the intent of the parties at the time of contracting? I do not believe it's necessary for any additional facts. I think the facts are clear. The parties entered into an express contract, integrated, matter of fact, and it provided for a term. It also said it was at will. It provided for a method of termination of a at will contract without cause. Well, no. It provided for the termination of a at will contract, which specified a 3-year term. I mean, it is kind of contradictory, isn't it? It is. However, the provisions in Labor Code 2922 is a rebuttable presumption, and 2924 does not state fundamental public policy according to the Foley case and also the other case I have it here that was cited in the appellant's brief, the Koner case. And I believe the Guz case, along with the other cases I have cited, indicate that when the parties have come to express terms in a written contract, that will trump the Labor Code provisions, and therefore they can make express provisions for an at will contract, and we contend they did do that, even though there was a specific term. All right. Well, it's certainly the way Judge Mendez saw it, isn't it? I point out that that particular notice, Judge Mendez did find that notice was adequate, and the notice was given. Since the notice could be given at any time, I point out it would be irrelevant whether it actually occurred during a 3-year term or a 4-year term, since it could be done at any time. In this particular case, it was done during that extended first 3-year period. Since the county ordinance is the law of the county, it would trump any contract that was in conflict. In this particular case, there was a, I think, mutual, not unilateral, mistake, and as I mentioned, that would cause the county to have the right to void its avoidable contract subject to rescission, and they did do that in Amendment No. 2 that I pointed out. So they acted upon that. They changed the term back again to the correct in accordance with the ordinance and then gave notice pursuant to the contract. Thank you.  Mr. Womack. Thank you. I would point the Court to Excerpts of Record 29, where it makes reference at Section 9 of the contract.  It makes reference to my client working under the terms of the personnel rules and regulations, and then down in the last sentence it says, as they now exist or hereinafter may be amended. And I believe that may take this contract out of an integrated contract because it was subject to making some changes in the rules and regulations. And that takes us to Goose, which said at page 340 of that opinion, the reasoning expressed or implied is that parole evidence is admissible to explain, supplement, or even contradict the terms of an integrated agreement and that handbook disclaimers should not permit an employer at its whim to repudiate promises it has otherwise made in its own self-interest and on which it intended the employee to rely. And I want to draw one more thing, and that is we, even if it's an at-will contract, we haven't addressed the issue of the allegations that my client opposed the counties making a gift to an Indian tribe, believed that he was retaliatorily fired because of that. So I think that may take care of the at-will problem as well. But Judge Mendez did not refer to that in his decision. Thank you. We thank both counsel for your helpful arguments. The case just argued is submitted.
judges: Tashima, Clifton, Murguia